# IN THE DISTRICT COURT IN AND FOR OKMULGEE COUNTY
## STATE OF OKLAHOMA

Christine King,
    Plaintiff,

vs.

OKMULGEE COUNTY JAIL TRUST AUTHORITY

OKMULGEE COUNTY BOARD OF COMMISSIONERS

OKMULGEE COUNTY CRIMINAL JUSTIC AUTHORITY

Case No. **CJ-2021-111**

*FILED IN DISTRICT COURT OKMULGEE COUNTY, OKLAHOMA SEP 13 2021 BY CHARLY CRINER, Court Clerk, Deputy*

## PETITION

Comes now the Plaintiff, Christine King ("King"), by and through her attorney, and does hereby bring this cause of action against the Defendant, for violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, as amended. In support of said claims, Plaintiff would allege the following:

### JURISDICTION

1. This Court has jurisdiction pursuant to 29 U.S.C. §2601, et seq.
2. All of the actions alleged herein took place within Okmulgee County, Oklahoma.
3. Venue is proper in this court pursuant to 28 U.S.C. §1391.

### PARTIES

EXHIBIT 2

4. King is a former employee of Okmulgee County Board of Commissioners, which in turn is Governed by the Okmulgee Jail Trust of Authority (JTA) residing in Okmulgee, Okmulgee County, Oklahoma.

5. Defendant Okmulgee County Criminal Justice Authority (OCCJA) is a public body responsible for oversight of the Okmulgee County Criminal Justice Authority

6. Defendant Okmulgee County Board of Commissioners (the Board) is a public body ultimately responsible for the hiring and firing of employees of the Okmulgee County Jail.

7. Okmulgee Jail Trust Authority is the Governing body of the Okmulgee County Criminal Justice Authority.

## FACTS

8. King began her employ with OCCJA on or about August of 2017. During her tenure she served as the Health Services Administrator.

9. During her tenure of employment with OCCJA, she made her employers aware that she was a cancer patient.

10. During the beginning stages of the pandemic she began working from home as a prophylactic measure to ensure her own personal health and safety. It was then, and is now, widely known that cancer patients are at a higher risk of serious illness and death due to the COVID-19

EXHIBIT 2

11. At all times during while working on the modified scheduled King was able to perform her job duties while working remotely. This is exemplified by the fact that her department passed its inspection in July of 2020.

12. On or about July 28, 2020, Ms. King received a call from her supervisor, the Jail Administrator, asking that she immediately return to in-person work. Ms. King attempted to engage in a dialogue with her employer about her need for accommodations. Instead of engaging in a reasonable dialogue her employer terminated her.

## COUNT 1
### VIOLATIONS OF THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT
### Pub.L. No. 112-127, 134 Stat. 178 (2020)

13. Plaintiff incorporates paragraphs 1-12 herein by reference.

14. Defendant is an employer with less than 500 employees and is thus subject to FFCRA.

15. Plaintiff was eligible for sick leave and paid leave under FFCRA.

16. Plaintiff requested an accommodation in line with her expanded sick leave and was terminated as a result of her protected activity.

17. Defendants unlawfully retaliated and otherwise discriminated against Plaintiff because of the conduct protected by the FFCRA.

18. Defendant's conduct was not in good faith and Defendants did hot have reasonable grounds for believing that it did not violate the FFCRA.

EXHIBIT 2

## COUNT TWO
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### Wrongful termination in violation of 29 U.S.C. §2612 et seq.

19. Plaintiff reasserts paragraphs 1-18 as though

20. The Okmulgee County Criminal Justice Authority, Governed by the Jail trust Authority is an employer as defined by 29 U.S.C. §2611, in that at all relevant times to the filing of this cause of action, OCCJA employed in excess of fifty (50) employees, during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

21. King was is an employee as defined by 29 U.S.C. §2611, in that she had been employed on October 4, 2009, and worked in excess of twelve (12) months, and during that time, worked in excess of 1, 250 hours each year.

22. King's absences were due to her need for treatment of a qualified health condition, which was protected by 29 U.S.C. §2612 and she was terminated for exercising his right to this leave.

23. King's supervisor knew she was receiving medical treatment as a result of a qualified health condition.

24. Therefore the aforementioned retaliatory termination was a clear, direct, and substantial violation of 29 U.S.C. §2612.

**WHEREFORE,** King prays this Court enter judgment in her favor and against Defendants as follows:

a. Declaratory relief finding that OCCJA wrongfully terminated her in violation of both the FFCRA and FMLA That King be awarded all wages, benefits and compensation lost due to Defendant's termination of her employment.

b. That King be awarded liquidated damages at the rate of one time the compensation lost to her as a result of this wrongful termination.

c. That King be awarded punitive damages, in addition to compensatory damages.

d. That King be awarded reasonable attorneys fees and costs.

e. That King be awarded pre- and post-judgment interest.

f. That King be awarded such other equitable relief which this Court deems just and appropriate.

/S/ Cordal Cephas
Cordal Cephas, OBA #33857
Lashandra Peoples-Johnson OBA # 33950
3939 S. Harvard Ave. Suite 238
Tulsa, OK 74135
Ph: (918) 877-0262
cordal@johnsoncephaslaw.com
*Attorney for Plaintiff*

EXHIBIT 2